UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF MICROTEL ROOM 351 AND ROOM 353, LOCATED AT 7014 McCUTCHEON ROAD CHATTANOOGA, TENNESSEE | Case No. 1:22-mj- 102<br>Case No. 1:22-mj- 103<br>Judge Steger |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

The Affiant, Marc Saint-Louis, Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I, Marc Saint-Louis, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the United States Department of Justice and have been so employed since January 2020. I am currently assigned to the ATF Chattanooga, Tennessee Field Office. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and am empowered by law to conduct investigations of, and to make arrests for violations of federal laws, including, but not limited to, Title 18, U.S. Code, Sections 922(g), 924(c), and 1962; and Title 21 and U.S. Code, Section 841(a)(1). In addition to my employment with ATF, I have over 9 years of law enforcement experience with the Chattanooga Police Department, Chattanooga, Tennessee. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigators Training Program. I am a graduate of the ATF National Academy's Special Agent Training Program. In the performance

Page 1 of 8

Case 1:22-mj-00103-CHS    Document 2    Filed 04/04/22    Page 1 of 11    PageID #: 5

of my duties, I have conducted investigations for violations of state and federal laws, including drug trafficking, firearms trafficking, and other violent crimes. I have received specialized training with respect to narcotics and firearms violations and have been involved in numerous investigations involving violent crimes and the seizure of firearms and controlled substances. I also have a Bachelor of Science in Criminal Justice from The University of Tennessee at Chattanooga.

2. This affidavit is submitted in support of an application for a search and seizure warrant for Microtel, 7014 McCutcheon Road, Rooms 351 and 353, Chattanooga, Tennessee. These addresses are known to be associated with Toney BARKER, (hereinafter BARKER). Information contained in this affidavit has been obtained through observations by your Affiant, interviews with fellow law enforcement officers, and information provided by ATF Confidential Informants.

3. Not every fact known to your Affiant regarding the case has been included in the affidavit. Your Affiant has only included information and facts needed for the court to make a finding of probable cause.

4. Based upon your Affiant's training and experience and participation in investigations involving controlled substances, your Affiant knows that when controlled substances are illegally used, manufactured, and trafficked, other supporting items and materials are usually present in addition to the controlled substances themselves. These supporting items commonly associated with the use of and trafficking of controlled substances include, but are not limited to: drug paraphernalia, scales, and packaging materials suitable for particular substance(s), records and notes (including computer and electronically stored) of controlled substance transactions, money (proceeds of or capital for controlled substance(s) transactions),

firearms kept for protection, stolen property (often traded for controlled substances), electronic devices suitable for use in controlled substance transactions, recordings of such transactions, or electronic devices suitable for avoiding law enforcement.

5. It is also common for traffickers of these substances to use electronic communication devices such as cellular telephones, pagers, both numeric and two-way, and computers so that they can conduct their business at virtually any time without unnecessary delay. Your Affiant knows that these devices are usually found on or in very close proximity to these persons and that such electronic devices are capable of storing information such as phone numbers and/or coded messages which may lead to the identity of codefendants, coconspirators, and/or sources of supply. Cellular phones, phone records, device purchase agreements and other related documents related to the ownership are normally kept at their businesses, and/or places of operation. It is also common for them keep their electronic communication devices and cellular telephones in close proximity to themselves, on their person, in their vehicles, or at their business or place of operation. Cellular telephones, in addition to being communication devices, are also storage devices for data. Data electronically stored inside cellular telephones include telephone numbers of associates, logs of the date and time that individual calls were made, voice and text messages from associates and photographs of the primary user, family members and associates, location information, internet browsing history, calendar entries, task lists, contact information, and other similar data. The data inside cellular telephones is evidence of such sales activity, demonstrates true ownership and control of the telephones, which can be registered to another person, and can be effectively used to corroborate the statements of witnesses. With the advent of "smart phones" all of the documents and information discussed within this section can be held on a smart phone in electronic format as well.

6. Based upon training and experience in conducting investigations involving controlled substances, your Affiant also knows that drug dealers, while utilizing electronic communication devices to conduct their business, will often use "slang," or "code words" when referring to their business activities. These code words may include reference to, but are not limited to, money, narcotics, other co-conspirators, and certain locations. Drug dealers use these code words in an attempt to conceal their illegal activities from law enforcement in an effort to avoid detection. Your Affiant is also aware that specific slang and code words utilized by those trafficking in controlled substances may be influenced by various factors such as geographical area, cultural influences, and the type of controlled substance being trafficked.

7. In your Affiant's training and experience, users of and traffickers in controlled substances, when hiding or transporting controlled substances or cash, commonly conceal them in several separate "stashes," often in several rooms of a building, outbuilding, vehicles, and in public or common areas which can be kept under their observation. Affiant knows this to be done so that law enforcement cannot seize all of the controlled substance at one time if law enforcement is alerted to the location of a single "stash location." This is also done in an attempt to secrete controlled substances from non-law enforcement personnel in an attempt minimize the potential of a robbery by individuals seeking to take possession of controlled substances during armed robberies, home invasions, or routine thefts. Narcotics traffickers will also often place assets in names other than their own to conceal their assets from law enforcement.

8. It has also been your Affiant's training and experience that those who use or traffic in controlled substances, especially when law enforcement appears, will attempt to physically separate themselves from the controlled substances. They often do this by placing a controlled substance in a "neutral" location. They often employ intermediaries as couriers and

drivers, to store drugs or conduct transactions. These intermediaries often include associates, but may also be extended to women, juveniles, or older people. Traffickers will use these individuals to transport controlled substances or otherwise assist the operation. These "mules" (as they are sometimes called) hold or transport the controlled substances or cash, allowing the dealer to stay "clean." Traffickers will also often "hand off" incriminating evidence to another person if confronted by law enforcement. In sum, these methods are used to attempt to insulate traffickers from risk of detection and apprehension by law enforcement.

9. Based upon your Affiant's training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 21 USC §§ 841(a) have been committed by BARKER and known and unknown co-conspirators, and that evidence of such violations will be at 7014 McCutcheon Road, Room 237, Chattanooga, Tennessee.

## PROBABLE CAUSE

10. The United States, including the ATF, is conducting a criminal investigation of BARKER and others regarding possible violations of Title 21, United States Code, Sections 841(a)(1), 846, and Title 18, United States Code, Section 924(c). BARKER has been identified a distributor of cocaine, methamphetamine, heroin, and fentanyl in the Eastern District of Tennessee.

11. In February 2022, ATF Special Agents, assisted by Chattanooga Police Department Investigators executed a federal search warrant on BARKER's room at the Microtel, 7014 McCutcheon Road, Room, 237, Chattanooga, Tennessee. BARKER and five other individuals were detained from the room during the execution of the search warrant. During the search of room 237, Agents recovered a distribution amount of heroin, methamphetamine,

marijuana as well as firearms which BARKER stated he has for protection. BARKER was arrested and charged accordingly on state charges but made bond and was released from custody.

12. In February 2022, your Affiant obtained a federal search warrant for a Facebook account believed to be operated by BARKER. During review of the Facebook data from BARKER's Facebook account, your Affiant observed numerous conversations between BARKER and co-conspirators indicative of their involvements in the distribution of heroin, cocaine, methamphetamine, and fentanyl. Furthermore, your Affiant observed communications between BARKER and co-conspirators arranging payments for drug proceeds and payments for drugs through Cash App.

13. In March 2022, your Affiant and Chattanooga PD Investigator Krumrie received information within the past week from a reliable Chattanooga PD Confidential Informant (hereinafter referred as CPD CI-1) that BARKER was actively involved in the distribution of fentanyl and heroin at the Microtel. CPD CI-1 further stated BARKER now occupied room 351 and room 353 of the Microtel and he/she has observed heroin, fentanyl, methamphetamine and firearms inside of room 353. CI- 2 stated he/she has been inside of room 353 and observed the interior door to room 351 from inside room 353 opened, giving BARKER access to either room at any given time. Your Affiant has independently confirmed that room 351 and room 353 are adjoining rooms with a shared access door within the two rooms. Your Affiant further confirmed that rooms 351 and 353 are registered to BARKER.

14. In late March 2022, CPD CI-1 advised he/she would be able to purchase fentanyl from BARKER. At the direction of Investigator Krumrie, CPD CI-1 contacted BARKER, who was willing to sell CPD CI-1 an agreed amount of fentanyl for an agreed upon price during a controlled buy operation in Chattanooga, Tennessee. During the operation, CPD CI-1 was

Page 6 of 8

Case 1:22-mj-00103-CHS   Document 2   Filed 04/04/22   Page 6 of 11   PageID #: 10

searched by Chattanooga Police Department Sergeant T. May for weapons and contraband with negative results. CPD CI-1 was then outfitted with an audio listening and recording device and provided with official ATF funds to purchase the fentanyl from BARKER. CPD CI-1 travelled to the Microtel, 7014 McCutcheon Road, Room 353, Chattanooga, Tennessee with constant visual from ATF Agents with no stops in between where he/she met with BARKER inside of room 353. CPD CI-1 advised BARKER sold him/her the suspected fentanyl from inside of room 353. CPD CI-1 advised he/she observed approximately an ounce of suspected fentanyl inside of room 353. Your Affiant was also present during the controlled buy operation. The most recent controlled buy occurred within the last 4 days.

15. Based upon my training, experience, your Affiant is aware of the fact that drug traffickers often keep evidence, fruits of the crime, and instrumentalities at their residence and in their vehicles. Similarly, individuals involved in drug trafficking often keep books, records, and other documents which relate to their illicit activities at their residence and in their vehicles.

16. WHEREFORE, based upon the facts detailed above, together with your Affiant's training and experience in drug trafficking investigations, your Affiant believes and submits there is probable cause to believe that the premises located at 7014 McCutcheon Road, Rooms 351, 353, Chattanooga, Tennessee, (Further Described in Attachment A, including the residence, outbuilding, vehicle(s), and curtilage located herein described will contain evidence, fruits, and instrumentalities of the illegal possession of firearms and drug trafficking, particularly of cocaine, heroin, fentanyl, in violation of Title 21, United States Code, Section 841. These fruits, evidence and instrumentalities are described with particularity in Attachment B.

{SIGNATURES ON NEXT PAGE}

_____
Marc Saint Louis
Special Agent
Bureau of Alcohol, Tobacco, Firearms, And Explosives

Sworn to and subscribed before me this 4th day of April, 2022.

_____
HON. CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN THE MATTERS OF THE            )
MICROTEL ROOMS 351 and 353       )
PREMISES, LOCATED AT             )   Case No. 1:22-mj-102
7014 McCUTCHEON ROAD             )   Case No. 1:22-mj-103
CHATTANOOGA, TENNESSEE           )

## ATTACHMENT A

Room 351 at the Microtel Hotel, located at 7014 McCutcheon Road, Chattanooga, Tennessee. (No. 1:22-mj-102 )

Room 353 at the Microtel Hotel, located at 7014 McCutcheon Road, Chattanooga, Tennessee. (No. 1:22-mj-103 )



Page 1 of 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTERS OF THE<br>MICROTEL ROOMS 351 and 353<br>PREMISES, LOCATED AT<br>7014 McCUTCHEON ROAD<br>CHATTANOOGA, TENNESSEE | )<br>)<br>) Case No. 1:22-mj-10 2<br>) Case No. 1:22-mj- 10 3<br>) |

## ATTACHMENT B

1. Books, photographs, records, receipts, notes, ledgers and other papers which show the transportation, ordering, purchase, distribution, possession, sale or manufacture of controlled substances;

2. Address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers, written or typed by hand as opposed to printed commercially;

3. Books, letters, records, computerized and electronic records, receipts, bank statements and records, money drafts, letters of credit, wire transfers, safe deposit box keys, money order and cashier's check receipts, passbooks, bank checks, and other items that reflect the expenditure, obtaining, secreting, transfer or concealment of drug proceeds;

4. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, notes and other documents showing an accumulation of assets, wealth, or money to the extent that these items are found in such quantity, substance and/or quality as to permit a reasonable inference that such items are proceeds of drug trafficking;

5. Controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing and distributing controlled substances, including but not limited to: scales,

baggies, packing material;

6. Indicia of occupancy, residency, and/or ownership of the premises described above and other real property, including but not limited to deeds, utility and telephone bills, canceled envelopes and keys;

7. The visual image, by way of photography, of all furnishings and equipment in, on, under, attached, or appurtenant to said premises;

8. Papers, tickets, notes schedules, receipts and other documents relating to travel to and from drug source areas and drug distribution areas;

9. Firearms;

10. Cellular telephones

11. Cash App charge/bank cards